# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**AARON WRIGHT,**

          **Plaintiff,**

    v.                                   Case No. 18-cv-521

**STATE OF WISCONSIN, et al.,**

          **Defendants.**

## ORDER

Plaintiff Aaron Wright, who is representing himself, filed a complaint under 42 U.S.C. § 1983 and a motion to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. The total cost of filing a civil action is $400.00, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. However, the $50.00 administrative fee does not apply to persons granted leave to proceed without prepayment of the filing fee. Pursuant to the Prison Litigation Reform Act (PLRA), a prisoner plaintiff proceeding without prepayment of the filing fee is required to pay the statutory filing fee of $350.00 for any civil action. *See* 28 U.S.C. § 1915(b)(1).

Under the PLRA the court must assess an initial partial filing fee of twenty percent of the average monthly deposits to a plaintiff's account or average monthly

balance in a plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *Id*. After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id*.

On April 12, 2018, Wright notified the court via letter that he did not have the funds to pay the initial partial filing fee of $1.57. A review of his trust account statement shows that his average monthly balance is $0.00. The court notes that a prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). As such, the court will waive the requirement that Wright pay an initial partial filing fee in this case. He is still obligated to pay the full filing fee, but he may do so over time pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2). *See* 28 U.S.C. § 1915(b)(1).

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, the prisoner will be prohibited from bringing any other actions without prepayment of the filing fee unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that this case is later dismissed

for any of the above reasons, it will have an impact on Wright's ability to bring other cases without prepayment of the filing fee. Accordingly, the court will give Wright an opportunity to voluntarily dismiss this case to avoid incurring a "strike" under § 1915(g).

**Notice to Wright**: If you do not wish to proceed with this case to avoid the possibility of incurring a "strike" under § 1915(g), you must notify the court by filing a letter with the Clerk of Court on or before **May 31, 2018**, stating that you do not wish to prosecute this civil action. If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal is not counted as a "strike" under § 1915(g).

**THEREFORE, IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(4), Wright will not be required to pay an initial partial filing fee.

**IT IS FURTHER ORDERED** that, if he wishes to voluntarily dismiss this case to avoid the possibility of incurring a strike under 28 U.S.C. § 1915(g), Wright must notify the court on or before **May 31, 2018**, of his desire to voluntarily dismiss this case.

If the court does not hear from Wright by the deadline, the court will review the complaint to determine that the action is not frivolous or malicious and that the complaint states a claim upon which relief can be granted. If the complaint does not meet this standard, the court will dismiss this case and assess Wright a strike.

**IT IS FURTHER ORDERED** that the clerk of court mail copies of this order to the warden of the institution where Wright is confined.

Dated at Milwaukee, Wisconsin this 2nd day of May, 2018.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge